849 F.2d 607
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angela HALVORSEN, Defendant-Appellant.
 No. 88-5805.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 28, 1988.
Decided: June 6, 1988.
 
 William B. O'Connell (Cranwell & O'Connell), on brief, for appellant.
 Henry E. Hudson, United States Attorney; Pamela G. Larrabee, Special Assistant United States Attorney (Office of the United States Attorney), on brief, for appellee.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Angela Halvorsen appeals from the district court's denial of her motion to suppress marijuana found in her purse at Wolftrap Farm Park in Fairfax County, Virginia. She alleges that her arrest was illegal and that consequently the search incident to her arrest was unauthorized. We find that the arrest was lawful and affirm.
 
 
 2
 On August 6, 1987, Fairfax County Police Officer Little attended an event at Wolftrap Farm Park, a public area within the territorial jurisdiction of the United States administered by the National Park Service. While Little was seated in the lawn area, he noticed a group sitting in front of him, including Halvorsen, who were smoking. Little recognized the odor of marijuana. He approached members of the United States Park Police and reported the incident. Sergeant Higgins of the Park Police returned with Little.
 
 
 3
 As Sergeant Higgins approached the group, he saw in an open purse a pipe of the type generally used to smoke marijuana. The pipe was in plain view. Higgins asked who owned the pipe and Halvorsen admitted it was hers. Halvorsen was arrested and marijuana was found in her purse in a search incident to her arrest. She was charged with possession of marijuana in violation of 21 U.S.C. Sec. 844(a). Higgins, as an officer of the Park Police, was authorized to make arrests for any offense against the United States committed in his presence. 16 U.S.C. Sec. 1a-6(a)(1). A warrantless arrest is valid if the arresting officer has probable cause to believe the person arrested had committed or was committing an offense. Beck v. Ohio, 379 U.S. 89 (1964). Probable cause is defined as facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information which were sufficient to warrant a prudent man in believing that the offense had occurred or was occurring. Id. at 91.
 
 
 4
 In this case, a county policeman reported to Higgins that he had seen a group apparently smoking marijuana and had smelled the odor of marijuana. Upon approaching the group, Higgins saw a pipe often used to smoke marijuana in an open purse which one of the group, Halvorsen, admitted was hers. Probable cause was clearly present to arrest Halvorsen for possession of marijuana, an offense being committed in Higgins' presence. The immediate search of her purse, in which marijuana was found, was valid as a search incident to arrest. Chimel v. California, 395 U.S. 752, 763 (1969); United States v. Porter, 738 F.2d 622 (4th Cir.), cert. denied, 469 U.S. 983 (1984).
 
 
 5
 Accordingly, we affirm the district court's order denying the motion to suppress physical evidence seized at the time of Halvorsen's arrest, and affirm the judgment of conviction. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and oral argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.